FILED - USDC -NH
2026 SEP 2 PM2:08

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **26-cr-25-JL-TSM-5** |
| | ) | |
| **RANONKWATSERONHAWI GIBSON** | ) | |

# PLEA AGREEMENT

Pursuant to Rules 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Erin Creegan, United States Attorney for the District of New Hampshire, and the defendant, Ranonkwatseronhawi Gibson, and the defendant's attorney, David Rothstein, Esquire, enter into the following Plea Agreement:

1. The Plea and the Offense.

The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment that charges him with Conspiracy to Straw Purchase Firearms, in violation of 18 U.S.C. §§ 932(b)(2); and Conspiracy to Traffic Firearms, in violation of 18 U.S.C. §§ 933(a)(1) and (3).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement.

2. The Statute and Elements of the Offense.

Title 18, United States Code, Section 932(b) provides, in pertinent part:

> It shall be unlawful for any person to knowingly purchase, or conspire to purchase, any firearm in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person intends to use, carry, possess, or sell or otherwise dispose of the firearm in furtherance of a felony.

18 U.S.C. §§ 932(b)(2).

The defendant understands that conspiracy has the following elements, each of which the

US ATTORNEY'S OFFICE NH
AUG 31 2026 AM11:04

United States would be required to prove beyond a reasonable doubt at trial:

> First, that the agreement specified in the information, and not some other agreement or agreements, existed between at least two people to straw purchase firearms; and
>
> Second, that the defendant willfully joined in that agreement.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2024 Revisions,* Instructions 4.18.371(1), available at https://www.med.uscourts.gov/sites/med/files/crpjiLinks.pdf.

The defendant understands that the substantive offense of straw purchasing of firearms has the following elements:

> First, the defendant knowingly purchased a firearm;
>
> Second, the purchase of the firearm was in or otherwise affecting interstate commerce;
>
> Third, the purchase of the firearms was made on behalf of, or at the request or demand of another person; and
>
> Fourth, the defendant knew or had reasonable cause to believe that the person she was purchasing the firearm for intended to sell or otherwise dispose of the firearm in furtherance of a felony.

18 U.S.C. §§ 932(b)(2).

Title 18, United States Code, Section 933(a) provides, in pertinent part:

> It shall be unlawful for any person to ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)); or attempt or conspire to commit [this conduct].

18 U.S.C. §§ 933(a)(1) and (3).

The defendant understands that conspiracy has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

> First, that the agreement specified in the information, and not some other agreement or agreements, existed between at least two people to commit firearms trafficking; and

Second, that the defendant willfully joined in that agreement.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2024 Revisions,* Instructions 4.18.371(1), available at https://www.med.uscourts.gov/sites/med/files/crpjiLinks.pdf.

The defendant understands that the substantive offense of firearms trafficking has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that the defendant knowingly shipped, transported, transferred, caused to be transported or otherwise disposed of a firearm to another person;

Second, that the shipping, transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate commerce; and

Third, that the defendant knew or had reasonable cause to believe the use, carrying, or possession of the firearm by the recipient would constitute a felony.

18 U.S.C. § 933(a)(1).

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offenses beyond a reasonable doubt:

The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), Homeland Security Investigations (HSI), Ontario Provincial Police, Canada Border Services Agency (CBSA), and Sûreté du Québec (SQ) are leading an investigation into a transnational criminal organization involved in international firearms smuggling originating in New Hampshire. ATF and HSI have been assisted, throughout this investigation, by various agencies including the U.S. Department of Commerce's Bureau of Industry and Security (BIS), Customs and Border Protection (CBP), Saint Regis Mohawk Tribal Police (SRMTP), Akwesasne Mohawk Police Service (AMPS), and the Keene Police Department. To date, ATF and HSI have identified fifty (51) firearms that have

been primarily straw purchased in New Hampshire and trafficked through Vermont and into New York State and/or Canada. The criminal organization traffics firearms through various Mohawk reservations and into Canada. To date, four individuals—Justin Jackson, Melissa Longe, Dustin Tuttle, and Caleb Wilcott—have pleaded guilty to felonies for their participation in the scheme. The defendant, Ranonkwatseronhawi Gibson, is a member of the Akwesasne Mohawk Indian Reservation (AMIR) which is within the U.S. and Canadian border region.

These firearms have been recovered at various Canadian crime scenes in the hands of members or suspected members of organized crime. Melissa Longe and Dustin Tuttle straw purchased forty-two (42) firearms between September 11, 2023, to February 23, 2024, from various Federal Firearms Licensees (FFL) located in New Hampshire. Dustin Tuttle trafficked two (2) additional firearms that he initially purchased for himself and then later sold to Native Americans on the Akwesasne. Six (6) firearms were purchased by co-conspirators Conrad Oakes and Blade Oakes, from an FFL in Vermont. Nine (9) of these firearms have been recovered at various Canadian crime scenes including kidnapping and attempted murder. Two (2) of these firearms were recovered at crimes scenes in the United States. Caleb Wilcott straw purchased one (1) firearm at the request of Justin Jackson that was later sold that firearm to the Native Americans from the Akwesasne in return for a motorcycle.

The defendant admitted to working with others to straw purchase and traffic multiple firearms during the conspiracy including, but not limited to, the following firearms: 1) German Sports Guns, Firefly, .22 caliber Pistol, serial number: F51F955; 2) SCCY Industries, DVG-1, 9mm, serial number: D005325; 3) Taurus, G2C, 9mm, serial number: TLN51887; 4) Ruger, Security-9, 9mm Pistol, serial number: 382-00414; 5) Mossberg, MC2C, 9mm Pistol, serial number: 026699MC, 6) Smith & Wesson, SD9, 9mm Pistol, serial number: EFC5821, and 7) a

Canik, TP-9SF, 9mm Pistol, serial number: 22AT19109. Throughout the scheme, Dustin Tuttle and Melissa Longe would purchase the actual firearms and then transfer them to Justin Jackson who would then facilitate the transfer to the defendant and other members of AMIR while at Justin Jackson's residence in Vermont. In at least one instance, co-conspirator Blade Oakes purchased firearms from an FFL in Vermont as part of the gun trafficking scheme. On two occasions, including on or about January 31, 2024, the defendant used his personal vehicle to drive members of the AMIR to Vermont for the purpose of obtaining straw purchased firearms from Justin Jackson, Melissa Longe, Dustin Tuttle, and Caleb Wilcott. The defendant then drove the members of the AMIR into Canada with the firearms. Those firearms were subsequently trafficked further into Canada.

Members of the AMIR smuggled firearms into Canada by utilizing watercraft, to include Jet Skis and small boats, to bypass international border checkpoints. On occasion, members of the conspiracy utilized the Cornwall Island domestic lane in Canada to facilitate the trafficking of firearms. The members of the conspiracy would traffic firearms into Canada while also facilitating the trafficking of narcotics and smuggling of people into the United States. At least twelve (12) people were part of the firearm trafficking conspiracy.

4. Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A. A maximum prison term of 25 years for Count 1 (18 U.S.C. § 932(b)(2)), and 15 years for Count 2, (18 U.S.C. § 933(a)(1), 924(a)(8));

B. A maximum fine of $250,000 (18 U.S.C. § 3571);

C. A term of supervised release of not more than 5 years for Count 1, and not more than 3 years for Count 2 (18 U.S.C. § 3583). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of

supervised release, with no credit for time already spent on supervised release; and

D. A mandatory special assessment of $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)); and

E. In addition to the other penalties provided by law, the Court may order the defendant to pay restitution to the victim(s) of the offense (18 U.S.C. § 3663 or § 3663A).

To facilitate the payment and collection of any restitution that may be ordered, the defendant agrees that, upon request, he will provide the United States with a financial disclosure statement and supporting financial documentation.

The defendant further agrees that, if restitution is ordered, it shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full, including, but not limited to, the Treasury Offset Program.

5. Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or her sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A. Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B. Respond to questions from the Court;

C. Correct any inaccuracies in the pre-sentence report;

D. Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. 11(c)(1)(B), the United States and the defendant stipulate and agree to the following:

(a) The United States will recommend that the defendant be sentenced at the bottom of the applicable advisory sentencing guidelines range as determined by the Court; and

(b) the total amount of firearms trafficked by the defendant for purposes of the United States Sentencing Guidelines is between 8 and 24 firearms.

The defendant understands that the Court is not bound by the foregoing agreements and, with the aid of a pre-sentence report, the Court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept any or all of those agreements, such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other

penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B. Challenges the United States' offer of proof at any time after the plea is entered;

C. Denies involvement in the offense;

D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about his financial status to the Probation Office;

F. Obstructs or attempts to obstruct justice, prior to sentencing;

G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H. Fails to appear in court as required;

I. After signing this Plea Agreement, engages in additional criminal conduct; or

J. Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw her guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

A. To plead not guilty or to maintain that plea if it has already been made;

B. To be tried by a jury and, at that trial, to the assistance of counsel;

C. To confront and cross-examine witnesses;

D. Not to be compelled to provide testimony that may incriminate him; and

E. To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D. Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E. Is completely satisfied with the representation and advice received from his undersigned attorney.

10. Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right

to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, him guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

12. Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the information in this case.

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or fulfill completely each one of his obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, he will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that he may not use his breach of this Agreement as a reason to withdraw his guilty plea or as a basis to be released from his guilty plea.

13. Forfeiture

The defendant agrees to immediately and voluntarily forfeit to the United States his interest, if any, in any and all assets subject to forfeiture pursuant to 18 U.S.C. §§ 924(d), 934 and 28 U.S.C. § 2461(c), as a result of his guilty plea.

The defendant agrees and consents to the forfeiture of his interest in these assets pursuant to any criminal, civil and/or administrative forfeiture action brought to forfeit these assets.

None of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States.

The defendant agrees to waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (1) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (2) failure to comply with any and all requirements of Fed.

R. Crim. P. 11(b)(1)(J) pertaining to the Court's advice at the change of plea hearing; and, (3) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

The defendant waives and releases any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not. The defendant agrees to hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

The defendant acknowledges that the properties to be forfeited under this section are subject to forfeiture as property facilitating or involved in illegal conduct.

14. Waivers.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a

representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

15. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17. <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

ERIN CREEGAN

United States Attorney

Date: 9/2/26

By: [signature]
Christopher Marin
Special Assistant United States Attorney
New York Bar Association #5530068
Massachusetts Bar Association #718132
53 Pleasant St., 4th Floor
Concord, NH 03301
Christopher.Marin@usdoj.gov

M. Yasir Sadat
Assistant United States Attorney
53 Pleasant St., 4th Floor
Concord, NH 03301
Yasir.Sadat@usdoj.gov

The defendant, Ranonkwatseronhawi Gibson, certifies that he has read this 16-page Plea Agreement and that he fully understands and accepts its terms.

Date: 8-25-2026

[signature]
Ranonkwatseronhawi Gibson, Defendant

I have read and explained this 16-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 8/25/26

[signature]
David Rothstein, Esquire
Attorney for Ranonkwatseronhawi Gibson